UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS

UNITED STATES OF AMERICA,

                                                                  CRIM. NO. 24-cr-10030-LTS

v.

JENSSI ASTACIO,

       Defendant.

REPORT AND RECOMMENDATION ON
ACCEPTANCE OF DEFENDANT'S GUILTY PLEA

February 21, 2025

**KELLEY, U.S.M.J.**

       Jenssi Astacio was charged in a one-count indictment (docket entry #1) returned in this district on January 31, 2024. He is charged with possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii)). In addition, the indictment contains a forfeiture allegation under 21 U.S.C. § 853.

       Defendant, represented by Attorney J.W. Carney, appeared before this court today, February 21, 2025, pursuant to Judge Sorokin's referral to conduct a hearing pursuant to Fed. R. Crim. P. 11. (docket entry # 33). The defendant was provided with a form entitled "Consent to Proceed with Guilty Plea before a United States Magistrate Judge in a Felony Case." He reviewed the form with his counsel and acknowledged to the court that he understood that he was consenting to have his R. 11 hearing before this court. The form, which was signed by the court, defendant, defense counsel and government counsel, was entered into the record.

       The defendant indicated his intention to plead guilty to the indictment. The defendant was sworn by the court. The court verified the defendant's age, education and that he was not under the influence of any medication, drugs, or alcohol, and that he did not have any psychological or

psychiatric condition that was affecting his capacity and ability to understand the colloquy with this court. The court determined that the defendant was sober, competent and capable of understanding the nature and significance of the proceedings.

Defendant agreed that he had consulted with his counsel prior to the hearing for the change of plea; he was satisfied with the services provided by his counsel and he had had time to discuss with him all aspects of the case. The defendant stated that he had reviewed the indictment and he had discussed it with counsel.

The defendant was specifically advised by this court that, upon withdrawing his plea of not guilty and now entering a plea of guilty to the charges, he was waiving his right to a speedy and public trial by a jury made up of jurors who would have to unanimously agree on a verdict. In addition, he was advised he was waiving his right to be presumed innocent and for the government to establish his guilt beyond a reasonable doubt. He was advised he was waiving his right during trial to confront the witness against him and cross-examine them, through counsel, as well as to present evidence on his behalf. He was advised he was waiving the right to compel the attendance of witnesses and have subpoenas issued to have witnesses appear in court to testify. The defendant was advised of his right to put on evidence, and to take the stand and testify, if he so decided, or not to testify, and that no inference against him could be made from his decision not to testify or put on evidence at trial. The defendant was advised of his right not to incriminate himself, that he was waiving that right in pleading guilty, and that on waiver of all the above-listed rights a judgment of guilty would enter. He was advised that he would be sentenced by the district judge after consideration of the information contained in a presentence report.

The defendant acknowledged these rights and indicated he freely and voluntarily waived them and understood the consequences of his waiver. Throughout this colloquy, the defendant was made aware that he could request from this court any clarification he needed and that he could consult with his attorney at any time as to any issue.

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, including a five-year minimum mandatory sentence, imprisonment up to 40 years; a fine of up to $5,000,000; a term of supervised release for at least 4 years and up to life; forfeiture to the extent charged in the indictment; and a special assessment of $100.00.

The government summarized the plea agreement and defendant stated that he understood the terms of the agreement and had reviewed it with his counsel.

Defendant stated that he had not been forced in any way to plead guilty, and that he had not been offered any reward or promise for doing so other than the assurances made in the plea agreement.

The government stated the elements of the offense and presented a summary of the facts underlying the offense charged and other evidence the government had to establish, in the event the defendant had elected to go to trial, the commission of the offense. The defendant said that he understood the elements of the offense and agreed with the government's statement of the facts as it pertained to his commission of the offense.

The defendant was informed that before his sentencing, probation will prepare a presentence report and the report will be made available to him, to his counsel and to the government, and that the parties will be allowed to correct or object to any information contained in the report which is not accurate. Defendant was informed that after the presentence report is prepared by the probation department, the district court will review the report, and will calculate the applicable sentencing guidelines and consider the guidelines in deciding what sentence to impose. He was further informed that the district court could sentence him to any sentence from the five-year minimum mandatory up to the maximum allowed by law, and that defendant could not withdraw his plea if he was unhappy with his sentence for any reason. Defendant was informed that federal parole has been abolished.

The defendant stated that he had committed the offense charged in the indictment and was pleading guilty because he was guilty. The defendant then changed his plea and pled guilty to count one.

This court finds that defendant was acting freely and voluntarily, with full knowledge of the consequences of his plea, and finds that there was a basis in fact for the plea. The court therefore RECOMMENDS[1] that the plea of guilty be accepted. The defendant was advised that sentencing, pending the completion of the presentence report by probation, before the Honorable Leo Sorokin, United States District Judge, would occur at a date to be set.

 /s/ Page Kelley
Page Kelley
United States Magistrate Judge

February 21, 2025

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made, stating the basis for such objection. See Fed. R. Crim. P 59(b). Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. See Fed. R. Crim. P. 59(b)(2).